UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

JAMES MCDONALD, III,

                        Petitioner,                         Case No. 2:20-cv-231

v.                                                Honorable Paul L. Maloney

CATHERINE BAUMAN,

                         Respondent.

_____/

**OPINION**

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254.[1]

Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary

review of the petition to determine whether "it plainly appears from the face of the petition and

any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4,

Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243. If so, the petition must be summarily

dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the

duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes

those petitions which raise legally frivolous claims, as well as those containing factual allegations

that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). The

_____

[1] Petitioner filed his petition on a form intended for habeas petitions brought by federal prisoners under 28 U.S.C. § 2241. Although Petitioner purports to bring his action under 28 U.S.C. § 2241, habeas corpus actions brought by "a person in custody pursuant to the judgment of a State court" are governed by 28 U.S.C. § 2254. *Rittenberry v. Morgan*, 468 F.3d 331, 336-37 (6th Cir. 2006). Section 2254 "'allows state prisoners to collaterally attack either the imposition *or* the execution of their sentences[.]'" *Bailey v. Wainwright*, 951 F.3d 343, 348 (6th Cir. 2020) (Stranch, J., dissenting) (quoting *Allen v. White*, 185 F. App'x 487, 490 (6th Cir. 2006)); *see also Rittenberry*, 468 F.3d at 336-37. Additionally, § 2241 petitions by state prisoners are subject to the rules governing § 2254 petitions. *See* Rule 1(b), Rules Governing § 2254 Cases. As a consequence, Petitioner's filing is subject to all of the requirements that apply to a petition filed under § 2254 and the Court will, therefore, address it as a petition filed under that section.

Court may *sua sponte* dismiss a habeas action as time-barred under 28 U.S.C. § 2244(d).  *Day v. McDonough,* 547 U.S. 198, 209 (2006).  After undertaking the review required by Rule 4, the Court concludes that the petition is barred by the one-year statute of limitations.  Nonetheless, the Court will permit Petitioner, by way of an order to show cause, an opportunity to demonstrate why his petition should not be dismissed as untimely.

## Discussion

### I.    Factual Allegations

Petitioner James McDonald, III, is incarcerated with the Michigan Department of Corrections at the Newberry Correctional Facility (NCF) in Newberry, Luce County, Michigan. On April 27, 2011, Petitioner pleaded guilty in two separate cases in the Kent County Circuit Court.  In Case No. 11-01527-FH, Petitioner pleaded guilty to possession with intent to deliver an amount of 450 grams or more, but less than 1,000 grams of a controlled substance, in violation of Mich. Comp. Laws § 333.7401(2)(a)(ii).  And, in Case No. 11-01579-FH, Petitioner pleaded guilty to possession with intent to deliver an amount less than 50 grams of a controlled substance, in violation off Mich. Comp. Laws § 333.7401(2)(a)(iv).  On May 25, 2011, the court sentenced Petitioner to concurrent prison terms of 10 to 30 years in the first case and 1 to 20 years in the second case.[2]

---

[2] Petitioner challenges two separate judgments of sentence in one habeas petition.  The Sixth Circuit Court of Appeals recently considered the propriety of that practice:

> The Rules Governing § 2254 Cases . . . provide[] that "[a] petitioner who seeks relief from judgments of more than one state court must file a separate petition covering the judgment or judgments of each court."  The rule's reference to "a separate petition covering the . . . *judgments* of each court" implies that a petitioner *may* challenge multiple judgments from a single court in a single petition.

*In re Caldwell*, 917 F.3d 891, 893 (6th Cir. 2019) (emphasis in original).  Therefore, the habeas rules do not bar Petitioner from challenging both judgments from the Kent County Circuit Court in this proceeding.

Petitioner's description of the procedural history of his case after judgment was entered is not complete. Petitioner mentions only his most recent attempt to collaterally attack his convictions. He notes that on February 11, 2020, he filed a state habeas corpus petition in the Luce County Circuit Court in Newberry, Michigan. (Pet., ECF No. 1, PageID.2.) By way of the state habeas petition, Petitioner argued there was a radical defect in the Kent County Circuit Court's jurisdiction because of procedural anomalies. By order entered May 5, 2020, the Luce County Circuit Court dismissed the state habeas petition because it lacked merit. (Luce Cnty. Cir. Ct. Order, ECF No. 1-1, PageID.11-12.) Petitioner sought reconsideration. His motion was denied by order entered June 9, 2020. (Luce Cnty. Cir. Ct. Order, ECF No. 1-1, PageID.14.)

Petitioner apparently attempted to appeal the Luce County Circuit Court decision to the Michigan Court of Appeals. That Court dismissed the appeal by order entered August 27, 2020, because of a defect in the filing: Petitioner failed to pay the filing fee or move to waive it. (Mich. Ct. App. Order, ECF No. 1-1, PageID.16.) Petitioner then applied for leave to appeal in the Michigan Supreme Court. By order entered October 28, 2020, that court dismissed the application because, once again, Petitioner failed to pay the filing fee or move to waive it. (Mich. Order, ECF No. 1-1, PageID.17.) This petition followed, raising the same challenges to the Kent County Circuit Court's jurisdiction.

Petitioner does not mention any other challenges to his convictions and sentences; however, such challenges are shown on the dockets of the Michigan appellate courts. According to the Michigan Court of Appeals, on May 8, 2012, Petitioner filed a *pro per* delayed application for leave to appeal in that court. https://courts.michigan.gov/ opinions_orders/case_search/pages/default.aspx?SearchType=1&CaseNumber=310168&Court

3

Type_CaseNumber=2 (visited December 4. 2020).  The issues raised on appeal are not apparent

from the court's docket and are not included in the petition.  By order entered August 22, 2012,

the Michigan Court of Appeals denied leave to appeal "for lack of merit in the grounds presented."

http://publicdocs.courts.mi.gov/coa/public/orders/2012/310168(19)_order.pdf (visited December

4, 2020).

On October 10, 2012, Petitioner filed an application for leave to appeal in the

Michigan Supreme Court.   That court denied leave by order entered December 26, 2012.

http://publicdocs.courts.mi.gov/sct/public/orders/20121226_s145991_25_145991_2012-12-6_or

.pdf (visited December 4, 2020).

Nearly 18 months passed before Petitioner again challenged his convictions and

sentences.  On July 28, 2014, with the assistance of counsel, Petitioner filed his first motion for

relief from judgment in the Kent County Circuit Court.  By order entered October 1, 2014, the

Kent County Circuit Court denied Petitioner's motion as meritless because Petitioner's counsel

had, in fact, advised the court of his intention to challenge the traffic stop and search, the court had

tentatively scheduled the motion for a week or two before trial, and Petitioner's motion papers and

brief were not filed or due at the time Petitioner decided to enter his pleas.  *People v. McDonald*,

Nos. 11-01527-FH, 11-01579-FH (Kent Cnty. Cir. Ct. Oct. 14, 2014).   Moreover, the court

determined that Petitioner had failed to demonstrate "good cause" for failing to raise the issue on

direct appeal.  *Id*.   There is no evidence that Petitioner appealed the trial court's denial of his

motion.

Then, on January 8, 2015, Petitioner filed a pro per state habeas corpus petition in

the Kent County Circuit Court.  In his petition, Petitioner alleged the same radical jurisdictional

defects he alleges in his petition here: he was never charged with possession of any substance that was considered a controlled substance; he was never arraigned in the district court for possession of any controlled substance cocaine; he never had a preliminary examination or bindover hearing for possession of any controlled substance cocaine; and there is no lab report that indicates cocaine. Instead, Petitioner argued, the lab report indicated heroin. According to Petitioner, the fact that the lab report indicated heroin and the court proceedings were premised on cocaine, the court never obtained jurisdiction over Petitioner or his prosecution.

By notice entered January 28, 2015, the trial court informed Petitioner that no action could be taken on his petition because it was improperly filed. *People v. McDonald*, Nos. 11-01527-FH, 11-01579-FH (Kent Cnty. Cir. Ct. Jan. 28, 2015). The court explained that a habeas corpus petition was not part of the criminal proceeding; it was instead a separate civil action that was properly filed in the county where Petitioner was detained. *Id*. Because Petitioner was not detained in Kent County, his petition was improperly filed. Petitioner sought reconsideration. By order entered February 12, 2015, the trial court denied relief.

Petitioner returned to the trial court with a new request for relief, a motion for resentencing or to compel compliance with the plea agreement, on October 7, 2016. Petitioner noted that the plea agreement provided the sentences in the two cases would be concurrent yet the scoring of the sentencing guidelines for each conviction, specifically the scoring of prior record variable 7 regarding concurrent felony convictions, took the other conviction into account. Therefore, each sentence was made longer by the presence of the other conviction which, Petitioner argued, was more like consecutive sentences than concurrent ones. By order entered December

22, 2016, the trial court denied relief because Petitioner's argument lacked merit.  *People v. McDonald*, No. 11-01579-FH (Kent Cnty. Cir. Ct. Dec. 22, 2016).

Petitioner filed a *pro per* delayed application for leave to appeal in the Michigan Court of Appeals on March 27, 2017.   https://courts.michigan.gov/opinions_orders /case_search/pages/default.aspx?SearchType=1&CaseNumber=337671&CourtType_CaseNumb er=2 (visited December 4, 2020).  The court of appeals denied leave by order entered July 28, 2017, for lack of merit in the grounds presented.  *People v. McDonald*, No. 337671 (Mich. Ct. App. Jul. 28, 2017).  Petitioner then applied for leave to appeal in the Michigan Supreme Court. That court denied leave by order entered January 3, 2018. *People v. McDonald*, No. 156428 (Mich. Jan. 3, 2018).

Plaintiff returned to the trial court seeking relief.  He filed a petition for writ of supervisory control based on his "jurisdictional defect" arguments on May 2, 2018.  It appears the trial court has never ruled on that petition.  Petitioner waited more than 20 months before filing the state habeas corpus petition in Luce County that raised the jurisdictional defect arguments that he first raised in the Kent County Circuit Court during January of 2015.  Those jurisdictional defect arguments are now before this Court.

## II.     Statute of Limitations

Petitioner's application appears to be barred by the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act, Pub. L. No. 104-132, 110 Stat. 1214 (AEDPA). Section 2244(d)(1) provides:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of

      (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

      (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

      (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

      (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

In most cases, § 2244(d)(1)(A) provides the operative date from which the one-year limitations period is measured.  Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).  Petitioner appealed the judgment of conviction to the Michigan Court of Appeals and the Michigan Supreme Court.  The Michigan Supreme Court denied his application on December 26, 2012.  It does not appear that Petitioner petitioned for certiorari to the United States Supreme Court.  The one-year limitations period, however, did not begin to run until the ninety-day period in which Petitioner could have sought review in the United States Supreme Court had expired.  *See Lawrence v. Florida*, 549 U.S. 327, 332-33 (2007); *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000).  The ninety-day period expired on March 26, 2013.

Petitioner had one year from March 26, 2013, until March 26, 2014, to file his habeas application.  Petitioner filed his application on November 16, 2020.  Obviously, he filed more than one year after the period of limitations began to run.  Thus, absent tolling, his application is time-barred.

The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (limiting the tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly filed").  Petitioner filed his first application for collateral review on July 28, 2014—four months after the period of limitation expired.

Although 28 U.S.C. § 2244(d)(2) provides that the one-year statute of limitations is tolled while a duly filed petition for state collateral review is pending, the tolling provision does not "revive" the limitations period (i.e., restart the clock); it can only serve to pause a clock that has not yet fully run.  *Payton v. Brigano*, 256 F.3d 405, 408 (6th Cir. 2001).  Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations.  *Id.*; *McClendon v. Sherman*, 329 F.3d 490, 493 (6th Cir. 2003).  Even where the post-conviction motion raises a claim of ineffective assistance of appellate counsel, the filing of the motion for relief from judgment does not revive the statute of limitations.  *See Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004) (citing *McClendon*, 329 F.3d at 490).  Because Petitioner's one-year period expired in during March of 2014, his collateral motions filed in during July of 2014 or thereafter could not serve to revive the limitations period.

The one-year limitations period applicable to § 2254 is also subject to equitable tolling.  *See Holland v. Florida*, 560 U.S. 631, 645 (2010); *Akrawi v. Booker*, 572 F.3d 252, 260

(6th Cir. 2009); *Keenan v. Bagley*, 400 F.3d 417, 420 (6th Cir. 2005).  A petitioner bears the burden

of showing that he is entitled to equitable tolling.  *See Keenan*, 400 F.3d at 420; *Allen v. Yukins*,

366 F.3d 396, 401 (6th Cir. 2004).  The Sixth Circuit repeatedly has cautioned that equitable tolling

should be applied "sparingly" by this Court.  *See, e.g., Hall v. Warden, Lebanon Corr. Inst.*, 662

F.3d 745, 749 (6th Cir. 2011); *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010); *Sherwood

v. Prelesnik*, 579 F.3d 581, 588 (6th Cir. 2009).  A petitioner seeking equitable tolling of the habeas

statute of limitations has the burden of establishing two elements: "(1) that he has been pursuing

his rights diligently, and (2) that some extraordinary circumstance stood in his way."  *Holland*,

560 U.S. at 649 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *Lawrence*, 549 U.S. at

335; *Hall*, 662 F.3d at 750; *Akrawi*, 572 F.3d at 260.

Petitioner has failed to raise equitable tolling or allege any facts or circumstances

that would warrant its application in this case.  The fact that Petitioner is untrained in the law, was

proceeding without a lawyer, or may have been unaware of the statute of limitations for a certain

period does not warrant tolling.  *See Allen*, 366 F.3d at 403-04; *see also Craig v. White*, 227 F.

App'x 480, 482 (6th Cir. 2007); *Harvey v. Jones*, 179 F. App'x 294, 299-300 (6th Cir. 2006);

*Martin v. Hurley*, 150 F. App'x 513, 516 (6th Cir. 2005); *Fisher v. Johnson*, 174 F.3d 710, 714

(5th Cir. 1999) ("[I]gnorance of the law, even for an incarcerated *pro se* petitioner, generally does

not excuse [late] filing.").  Accordingly, Petitioner is not entitled to equitable tolling of the statute

of limitations.

In *McQuiggin v. Perkins*, 569 U.S. 383, 391-393 (2013), the Supreme Court held

that a habeas petitioner who can show actual innocence under the rigorous standard of *Schlup v.

Delo*, 513 U.S. 298 (1995), is excused from the procedural bar of the statute of limitations under

the miscarriage-of-justice exception.  In order to make a showing of actual innocence under *Schlup*,

9

a Petitioner must present new evidence showing that "'it is more likely than not that no reasonable juror would have convicted [the petitioner].'"  *McQuiggin*, 569 U.S. at 399 (quoting *Schlup*, 513 U.S. at 329 (addressing actual innocence as an exception to procedural default)).  Because actual innocence provides an exception to the statute of limitations rather than a basis for equitable tolling, a petitioner who can make a showing of actual innocence need not demonstrate reasonable diligence in bringing his claim, though a court may consider the timing of the claim in determining the credibility of the evidence of actual innocence.  *Id.* at 399-400.

In the instant case, although Petitioner may baldly claim that he is actually innocent, he proffers no new evidence of his innocence, much less evidence that makes it more likely than not that no reasonable jury would have convicted him.  *Schlup*, 513 U.S. at 329.  Petitioner's present argument, that he is innocent of possessing cocaine with intent to deliver because the lab report indicated heroin, does not suffice to show he is innocent for a couple of reasons.  First, whether or not the substance tested was cocaine, Petitioner admitted to possessing cocaine with intent to deliver during his plea hearing.  If he was also guilty of possessing heroin with intent to deliver that would not somehow excuse his possession of cocaine.  Second, the crime charged is possession of a controlled substance with intent to deliver.  Whether that substance is cocaine or heroin, Petitioner would still be guilty of the charged crime.

Because Petitioner has wholly failed to provide evidence of his actual innocence, he is not excused from the statute of limitations under 28 U.S.C. § 2244(d)(1).  His habeas petition therefore appears to be time-barred.

The Supreme Court has directed the District Court to give fair notice and an adequate opportunity to be heard before dismissal of a petition on statute of limitations grounds. *See Day,* 547 U.S. at 210; *see also Nassiri v. Mackie*, 967 F.3d 544, 548 (6th Cir. 2020).  The

10

Court will allow Petitioner 28 days to show cause why the petition should not be dismissed as untimely.

   An order consistent with this opinion will be entered.


Dated:   December 9, 2020      /s/ Paul L. Maloney
                Paul L. Maloney
                United States District Judge