UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
_____

JAMES MCDONALD, III,

                Petitioner,                    Case No. 2:20-cv-231

v.                                     Honorable Paul L. Maloney

CATHERINE BAUMAN,

                Respondent.

_____/

## **ORDER**

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. The Court conducted a preliminary review of the petition under Rule 4 of the Rules Governing § 2254 Cases. The Court concluded that Petitioner had failed to timely file his petition, but allowed Petitioner 28 days to show cause why his petition should not be dismissed as untimely. (Op. and Order, ECF Nos. 2, 3.) Petitioner responded on January 5, 2021. (ECF No. 7.)

Petitioner does not attempt to explain why he filed his petition so late. He claims he filed under § 2241 and not § 2254, apparently contending that the period of limitation does not apply to a petition filed under § 2241. For the reasons set forth in the Court's opinion (ECF No. 2), the petition is governed by § 2254, and Petitioner must meet all of the requirements for relief under that statutory section, including the timeliness requirements.

There is no claim that any extraordinary circumstance prevented Petitioner from filing and his conduct cannot be described as diligent. Petitioner has failed to raise equitable tolling or allege any facts or circumstances that would warrant its application in this case. The fact that Petitioner is untrained in the law, was proceeding without a lawyer, or may have been unaware of

the statute of limitations does not warrant tolling.  *See Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 464 (6th Cir. 2012) ("Keeling's *pro se* status and lack of knowledge of the law are not sufficient to constitute an extraordinary circumstance and excuse his late filing."); *Allen*, 366 F.3d at 403 ("'[I]gnorance of the law alone is not sufficient to warrant equitable tolling.'") (quoting *Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991)).  Accordingly, based on the petition, and now Petitioner's attempt to show cause for the untimeliness of his petition, Petitioner is not entitled to equitable tolling of the statute of limitations.

As anticipated in the Court's opinion, Petitioner now claims that he is actually innocent of the crimes that he pleaded guilty to.  His claim of innocence, however, is not based on factual innocence, but on a specious claim that the Kent County Circuit Court never acquired jurisdiction over his criminal prosecution.  There are many reasons Petitioner's jurisdictional challenge does not suffice to establish his actual innocence; but perhaps the most compelling is that the state court did, in fact, have jurisdiction over Petitioner's criminal prosecution.

The determination of whether a state court is vested with jurisdiction under state law over a criminal case is a function of the state courts, not the federal courts.  *Wills v. Egeler*, 532 F. 2d 1058, 1059 (6th Cir. 1976).  It is well-settled that a purported violation of state law does not provide a basis for federal habeas relief.  *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). "In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."  *Id.*

Moreover, the state court here determined that there were no jurisdictional defects. On February 11, 2020, Petitioner filed a state habeas corpus petition in the Luce County Circuit Court in Newberry, Michigan. (Pet., ECF No. 1, PageID.2.)  By way of the state habeas petition, Petitioner argued there was a radical defect in the Kent County Circuit Court's jurisdiction because

2

of procedural anomalies. By order entered May 5, 2020, the Luce County Circuit Court dismissed the state habeas petition because it lacked merit. (Luce Cnty. Cir. Ct. Order, ECF No. 1-1, PageID.11-12.) Petitioner sought reconsideration. His motion was denied by order entered June 9, 2020. (Luce Cnty. Cir. Ct. Order, ECF No. 1-1, PageID.14.)

Petitioner apparently attempted to appeal the Luce County Circuit Court decision to the Michigan Court of Appeals.  That Court dismissed the appeal by order entered August 27, 2020, because of a defect in the filing: Petitioner failed to pay the filing fee or move to waive it. (Mich. Ct. App. Order, ECF No. 1-1, PageID.16.)  Petitioner then applied for leave to appeal in the Michigan Supreme Court. By order entered October 28, 2020, that court dismissed the application because, once again, Petitioner failed to pay the filing fee or move to waive it. (Mich. Order, ECF No. 1-1, PageID.17.)  The final word from the state courts, therefore, is a determination that Petitioner's jurisdictional challenges lack merit.

It is not the province of a federal habeas court to re-examine state-law determinations on state-law questions.  *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005); *Estelle*, 502 U.S. at 68.  The decision of the state courts on a state-law issue is binding on a federal court.  *See Wainwright v. Goode*, 464 U.S. 78, 84 (1983).  The Sixth Circuit repeatedly has recognized "'that a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus.'"  *Stumpf v. Robinson*, 722 F.3d 739, 746 n.6 (6th Cir. 2013) (quoting *Bradshaw*, 546 U.S. at 76).  Specifically, with regard to jurisdictional issues, the Sixth Circuit has stated that "a state court's interpretation of state jurisdictional issues conclusively establishes jurisdiction for purposes of federal habeas review." *Strunk v. Martin*, 27 F. App'x 473, 475 (6th Cir. 2001).  Accordingly, this Court is bound by the state court's determination that jurisdiction over Petitioner was established.

3

For all of these reasons, Petitioner has failed to show cause to excuse the tardy filing of his habeas petition.  Therefore, the Court will enter judgment dismissing the petition with prejudice.

The Court must also determine whether a certificate of appealability should be granted.  A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability.  *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001) (per curiam).  Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted.  *Id.*

Petitioner's application is untimely and, thus, barred by the statute of limitations. Under *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Both showings must be made to warrant the grant of a certificate. *Id*.

Reasonable jurists could not find it debatable whether Petitioner's application was timely.  It is more than two decades late.  Therefore, a certificate of appealability will be denied. Moreover, for the same reasons, the Court concludes that any issue Petitioner might raise on appeal would be frivolous.  *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

4

Accordingly,

**IT IS ORDERED** that a certificate of appealability is **DENIED**.

A judgment in accordance with this order shall issue.


Dated:   January 13, 2021                    /s/ Paul L. Maloney
                                             Paul L. Maloney
                                             United States District Judge